IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH LODUCA,

       Petitioner,                              22cv1881
                                                            ELECTRONICALLY FILED

   v.

JOSEPH BIDEN
*UNITED STATES PRESIDENT,* ET AL.,

       Respondents.

## MEMORANDUM ORDER

Petitioner Joseph LoDuca ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township") in Coal Township, Pennsylvania.

Petitioner submitted an "Application to Proceed *in Forma Pauperis*" ("IFP Motion") along with a self-styled "Motion for Habeas Corpus 28 U.S.C. 2254" (the "Petition"), which were received by this Court on December 29, 2022. ECF No. 1.

On January 10, 2023, Petitioner was ordered to correct various filing deficiencies and to file an amended habeas petition on the Court's approved form on or before February 9, 2023. ECF No. 2.

Petitioner did not respond to that Order, and, on April 21, 2023, Petitioner was ordered to show good cause, on or before May 12, 2023, why this case should not be dismissed for Petitioner's failure to comply with the Deficiency Order of January 10, 2023. ECF No. 3 at 1-2.

Petitioner did not file any additional documents in this case between April 21, 2023, and July 14, 2023. *See* Docket, generally.

On July 14, 2023, United States Magistrate Judge Maureen Kelly issued a detailed, thorough Report and Recommendation, recommending that this case be dismissed due to Petitioner's failure to prosecute. ECF No. 5. The Report and Recommendation was mailed to Petitioner at his address of record at the time – SCI-Mercer – as well as to SCI-Coal Township, where online public records indicated that Petitioner was incarcerated on that date. Id. at 1.

On July 27, 2023, this Court received a Motion to Transfer from Petitioner, acknowledging receipt of the Order reopening this case, see ECF No. 4, and requesting that this case be transferred to the United States District Court for the Middle District of Pennsylvania – the judicial district in which SCI-Coal Township is located. ECF No. 6. The Motion did not address Petitioner's outstanding filing deficiencies, or the July 14, 2023 Report and Recommendation. To date, Petitioner has not corrected his filing deficiencies, filed an amended petition, responded to the show cause order, or filed objections to the Report and Recommendation.

As to Petitioner's Motion to Transfer, having reviewed said Motion, Petitioner has not demonstrated that transfer to the United States District Court for the Middle District of Pennsylvania is proper. Therefore, Petitioner's Motion to Transfer, EFC No. 6, will be denied.

Specifically, at the time of the commencement of this action, Petitioner was incarcerated at SCI-Mercer, which is within the confines of the Western District of Pennsylvania. Consequently, this Court has jurisdiction to entertain this Petition. See 28 U.S.C. § 2241(d).[1] See

---

[1] Section 2241(d) provides that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise

2

also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  This Court's jurisdiction is not defeated by Petitioner's transfer to a correctional facility outside of this judicial district, because he was incarcerated in this district at the time that he filed the Petition.  See, e.g., Singh v. DHS/ICE, 771 F.Supp.2d 372, 374 (D. N.J. 2011).  See also Simpson v. Ashcroft, 321 F.Supp.2d 13, 15 (D. D.C. 2004).

Further, venue is proper in this District because Petitioner was incarcerated here when the Petition was filed. Venue in habeas corpus cases filed by state prisoners challenging their convictions is proper either in the federal district in which the state conviction was obtained, or the federal district in which the petitioner was incarcerated at the time of filing the habeas petition. See, e.g., Wesling v. Tice, No. 18-233J, 2018 WL 6681865, at *2 (W.D. Pa. Nov. 30, 2018), report and recommendation adopted, 2018 WL 6681227 (W.D. Pa. Dec. 19, 2018).  See also 28 U.S.C. § 2241(d).  Due to deficiencies in the initial Petition, it is unknown where Petitioner's state conviction was obtained, and thus, whether venue is proper in any other district.  As stated above, Petitioner was ordered to file an amended Petition on January 10, 2023, but has ignored that Order. ECF No. 6.

After *de novo* review of the pleadings and documents in the case, together with the Petition, ECF No. 1-1, the July 14, 2023 Report and Recommendation, ECF No. 5, and Petitioner's Motion to Transfer, ECF No. 6, the following Order is entered:

AND NOW, this 8th day of August, 2023,

IT IS HEREBY ORDERED that Petitioner's Motion to Transfer, ECF No. 6, is DENIED.

---

of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE. To the extent that one is required, a certificate of appealability is DENIED. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

IT IS FURTHER ORDERED that the July 14, 2023 Report and Recommendation, ECF No. 5, as it is supplemented by this Order, is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED that Petitioner's IFP Motion, ECF No. 1, is DENIED as MOOT.

Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order he must file a notice of appeal within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure, with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Petitioner is referred to Rule 22 of the Federal Rules of Appellate Procedure and to 3d Cir. L.A.R. 22.1 for the timing requirements for applying for a certificate of appealability from the Court of Appeals (available at https://www2.ca3.uscourts.gov/legacyfiles/2011_LAR_Final.pdf).

BY THE COURT:

s/Arthur J. Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE


cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

Joseph LoDuca
QE9661
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866